UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

---

```
ALTON DARTEZ,                          :
an individual,                         :   CASE NO.:
                                       :
          Plaintiff,                   :   Judge:
                                       :
vs.                                    :   Magistrate Judge:
                                       :
THE FRED B. AND RUTH B. ZIGLER         :
FOUNDATION,                            :
                                       :
          Defendants.                  :
```

---

## COMPLAINT

Plaintiff, ALTON DARTEZ, by and through his undersigned counsel, hereby files this Complaint and sues THE FRED B. AND RUTH B. ZIGLER FOUNDATION (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, ALTON DARTEZ, (hereinafter referred to as "MR. DARTEZ"), is a resident of Jefferson Davis Parish, Louisiana.

4. MR. DARTEZ is a qualified individual with a disability under the ADA. MR. DARTEZ is afflicted with L1 paraplegia.

1

5. Due to his disability, MR. DARTEZ is substantially impaired in several major life activities and requires a wheelchair or walker for mobility.

6. Upon information and belief, DEFENDANT is a non-profit corporation incorporated in the State of Louisiana and having the domicile of 324 North Broadway, Suite 200, Jennings, Louisiana 70546.

7. Upon information and belief, DEFENDANT is doing business in Jefferson Davis Parish and owns immovable property in Jefferson Davis Parish.

8. Upon information and belief, DEFENDANT is the owner and lessor the real properties and improvements which is the subject of this action, to wit: The Zigler Shopping Center, located at 436 West Plaquemine Street, Jennings, Louisiana 70546. (hereinafter referred to as "the Facility").

9. DEFENDANT is obligated to comply with the ADA.

10. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Jefferson Davis Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MR. DARTEZ realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Facility is a place of public accommodation, subject to the ADA, generally located at: 436 West Plaquemine Street, Jennings, Louisiana 70546.

13. The Property is a shopping center which has several tenants, including a Hanson Super Foods, and other tenants.

14. MR. DARTEZ lives less than one mile away from the Facility.

15. MR. DARTEZ has visited the Property numerous times in the past and desires to visit the Facility again in the near future.

16. Upon information and belief, MR. DARTEZ's last visit to the Property was on Friday, August 7, 2015.

17. During his visits to the Property, MR. DARTEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 21 of this Complaint.

18. MR. DARTEZ continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 21 which still exist.

19. MR. DARTEZ intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

20. MR. DARTEZ also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 21 still exist or have been modified .

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. DARTEZ due to, but not limited to the following barriers which MR. DARTEZ personally observed and/or encountered which hindered his access:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.    There are two curb ramps at the Property which protrude into the vehicular way and have non-compliant side flares.

    B.    The access aisle of the accessible-designated parking space near the Hanson's Super Foods does not lead to a curb cut.

    C.    There are access aisles of improper width.

    D.    The spaces are not properly marked with vertical signage.

    E.    There is an insufficient number of accessible-designated parking spaces at the Property.

    F.    Inside Hanson's Super Foods, the customer service counter is too high off the finished floor.

    G.    Inside Hanson's Super Foods, the restroom doorway is too narrow.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, there are other barriers inside the Hanson's Super Foods restroom. However, as a result of the excessively narrow restroom doorway, MR. DARTEZ has not yet had an opportunity to observe or encounter any barriers which are inside this restroom. MR. DARTEZ demands a full and complete inspection of this restroom for all mobility-related ADA barriers.

24. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would

not place an undue burden on DEFENDANT.

25. Upon information and belief, removal of the barriers to access located at the Facility would provide MR. DARTEZ an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

26. Upon information and belief, in the alternative, if there has been an alternation to the Property since January 26, 1992, then DEFENDANT are required to ensure to the maximum extent feasible, that the altered portion of the Property are readily accessible to and useable by individuals who use wheelchairs, pursuant to 28 C.F.R. § 36.402.

27. Independent of his intent to return as a patron to the Property, MR. DARTEZ additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

28. MR. DARTEZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. DARTEZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. DARTEZ demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. DARTEZ; and

D.  That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn (LA # 35193)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _/s/ Garret S. DeReus_
GARRET S. DEREUS
